## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

STEVE MATHIS,                           )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )        NO. CIV-08-946-D
                                        )
TOWN OF HENNESSEY; HENNESSEY            )
   POLICE DEPARTMENT; and BRANDON       )
   McKAY, in his official capacity as a police )
   officer and individually,            )
                                        )
                    Defendants.         )

## ORDER

Before the Court is the Motion to Dismiss [Doc. No. 6] filed by Defendants the Town of

Hennessey ("Hennessey") and the Hennessey Police Department ("Police Department"), arguing

that the Petition[1] must be dismissed for failure to state a claim upon which relief may be granted.

Also before the Court is the separate Motion to Dismiss [Doc. No. 7] filed by Defendant Brandon

McKay ("McKay"), asserting that the claims against him in his official capacity must be dismissed

for failure to state a claim.[2]   Plaintiff has timely filed a response in which he objects to both

motions, and Defendants have filed a joint reply in support of the motions.

Background:

Plaintiff's claims are based on a September 20, 2007 incident in which McKay, a Hennessey

police officer, allegedly followed Plaintiff's vehicle outside the city limits; Plaintiff alleges McKay

---

[1]This action was originally filed in the District Court of Kingfisher County, Oklahoma; therefore, Plaintiff's allegations are set forth in a petition rather than a complaint. Defendants removed the action to this Court. The motions to dismiss, Plaintiff's response, and the reply were filed prior to removal; accordingly, the parties cite the Oklahoma statute governing motions to dismiss for failure to state a claim. *See* Okla. Stat. tit. 12 § 2012(b)(6). The Oklahoma statute is substantively identical to Fed. R. Civ. P. 12(b)(6), which is cited in this Order.

[2]McKay does not seek dismissal of the individual capacity claims against him.

did not use a siren or warning lights.  According to Plaintiff, McKay  "broke down the back door of a house" Plaintiff visited; McKay was allegedly "screaming and yelling and out of control" at the time.  Plaintiff also alleges McKay "illegally searched" Plaintiff's vehicle and placed Plaintiff under arrest.   According to Plaintiff, another officer then arrived and directed McKay to release Plaintiff.  Petition at ¶ 3.

Plaintiff contends that the foregoing conduct constitutes "false and improper arrest and false imprisonment," and he seeks to hold all Defendants liable for damages based on his resulting embarrassment and mental anguish.  *Id.* at ¶ 4.  Plaintiff also alleges that Hennessey failed to properly train and supervise McKay, "allowing him to use the improper and illegal acts as stated above;" he contends Hennessey should be "held responsible and liable for the failure of Defendant, Town of Hennessey, to protect the general public and allow Defendant McKay" to commit the actions "under color of title of the Town of Hennessey."  Petition at ¶ 5.  Although the Police Department is also named as a defendant, no factual allegations are asserted against it.

Defendant Hennessey seeks dismissal of all claims asserted against it, arguing that these tort claims are governed by the Oklahoma Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51 § 151 *et seq.*, which it contends render it immune from liability for McKay's alleged conduct.  The Police Department seeks dismissal because it is not an  entity subject to suit.  McKay argues that, pursuant to the GTCA, the claims asserted against him in his official capacity must be dismissed.

In his joint response to these motions, Plaintiff argues that the Petition should not be dismissed because it asserts a claim based on the alleged violation of his Fourth Amendment rights. He presents argument and authority based on federal constitutional rights claims arising under 42 U. S. C. § 1983.  He does not address the contention that the Police Department is not a proper

defendant, nor does he respond to McKay's arguments regarding the official capacity claims against him. Instead, Plaintiff argues that he may pursue federal claims against Hennessey and McKay, and also contends that Hennessey is potentially liable on his state tort claims.

Plaintiff's assertion of federal constitutional rights claims in his response brief led to the removal of the case to this Court. As noted in their reply brief, Defendants were not aware that Plaintiff claimed constitutional rights violations until reviewing his response to their motions to dismiss. As a result, the initial motions to dismiss did not address such allegations. Although their reply brief includes argument in response to Plaintiff's contentions regarding federal claims, Defendants do not expressly seek dismissal of such claims.

Rule 12(b)(6) standards:

Where a motion to dismiss for failure to state a claim is presented, the court must construe the allegations in the complaint in the light most favorable to the plaintiff. *Buckley Construction, Inc. v. Shawnee Civil and Cultural Development Authority*, 933 F.2d 853 (10th Cir. 1991). All well-pleaded allegations in the complaint must be taken as true. *Id.* at 855. To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face.[3]"' *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion).

To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough

---

[3]Plaintiff argues that a Rule 12(b)(6) dismissal is proper only where it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, that is no longer the proper standard. In its 2007 decision in *Twombly*, the Supreme Court announced a new standard of review, and held that, to avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly,* 550 U. S. at 570.

factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 276 F. App'x at 846 (quoting *Robbins*, 519 F. 3d at 1247.) "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U. S. at 555. Thus, plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570; *Robbins*, 519 F. 3d at 1247. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

When considering the sufficiency of a complaint, the Court considers only "well pleaded" allegations; conclusory allegations not supported by factual contentions are insufficient to state a claim on which relief can be granted. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf[4]." *Whitney v. State of New Mexico*, 113 F. 3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

Application:

Defendants' motions address only the sufficiency of Plaintiff's state tort claims.

---

[4]These decisions address the sufficiency of allegations contained in a *pro se* litigant's complaint which must, of course, be more liberally construed than a complaint drafted by an attorney. At a minimum, the same rules apply in this case, as the pleading was drafted by an attorney.

Accordingly, the Court confines its analysis to those claims.[5]

The Police Department argues that dismissal is mandated because it is not an entity which can be properly sued. McKay argues that, to the extent he is sued in his official capacity, the GTCA precludes suit against him. Hennessey argues that, pursuant to the GTCA, it can only be liable for McKay's alleged tortious conduct if the same occurred while he acted within the scope of his employment; it contends that Plaintiff's express allegations preclude a determination that McKay acted in good faith. Plaintiff does not argue that the GTCA is inapplicable to his tort claims.

Tort actions asserted against the state, its political subdivisions, and employees of the same are governed by the GTCA. Okla. Stat. tit. 51, § 171. The GTCA includes an express waiver of sovereign immunity "to the extent and in the manner provided" therein. Okla. Stat. tit. 51, § 152.1(B). The liability of the state, its political subdivisions and the employees of the same, while acting within the scope of their employment, is "exclusive and in place of all other liability of the state, a political subdivision, or employee at common law or otherwise." Okla. Stat. tit. 51, § 153(B).

A. Police Department:

As the Police Department argues, it is not a political subdivision as defined by the GTCA. The Police Department also argues, however, that it is not an entity which can be properly sued. The Police Department is correct, as sheriff's departments and municipal police departments "are not usually considered legal entities subject to suit." *Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) (unpublished opinion) (citing *Dean v. Barber*, 941 F.2d 1210, 1214 (11th Cir. 1992)

---

[5]Defendants concede in their reply brief that the Petition may arguably be construed as attempting to assert federal claims arising under 42 U. S. C. § 1983. The extent to which such claims may be asserted in this action is addressed in connection with the Court's discussion, *infra,* of the propriety of authorizing the filing of an Amended Complaint.

and *Martinez v. Wimmer*, 771 F.2d 424 (10th Cir. 1985), *vacated on other grounds,* 475 U.S. 1138

(1986)).   Furthermore, although the Police Department is listed as a defendant in the Petition, the

allegations therein contain no mention of the Police Department, but name only  Hennessey and

McKay as parties against whom relief is sought by Plaintiff.   Finally, Plaintiff's response brief

contains no argument supporting a claim that the Police Department is a proper entity to be sued.

The Motion is thus granted as to the Police Department.

B.  McKay:

Similarly without legal support is Plaintiff's assertion of claims against McKay in his official

capacity.   Pursuant to the GTCA,"[a] suit against a governmental officer in his or her 'official

capacity' is the same as a suit against the entity that the officer represents, and is an attempt to

impose liability upon that entity." *Pellegrino v. State of Oklahoma ex rel. Cameron University,* 63

P.3d 535, 537 (Okla. 2003) (citing *McMillian v. Monroe County*, 520 U.S. 781, 785, n.2 (1997).

 In this case, Plaintiff has sued Hennessey, the political subdivision which employed McKay, and

he attempts to hold Hennessey liable for McKay's conduct.   To sue McKay in his official capacity

is redundant. *Id.*   McKay's motion to dismiss the official capacity claim asserted against him  is

thus granted.

C.  Hennessey:

With respect to Plaintiff's claims against Hennessey,  Hennessey satisfies the definition of

a political subdivision of the state because it is a municipality.   Okla. Stat. tit. 51 § 152(9)and (10).

Therefore, as Hennessey argues in its motion, it can be liable for the tortious conduct of McKay only

if that conduct occurred while he was acting within the scope of his employment.  Okla. Stat. tit. 51

§ 163(C).  The GTCA defines  "scope of employment" as  "performance by an employee acting in

good faith within the duties of his office or employment or of tasks lawfully assigned by a competent authority including the operation or use of an agency vehicle or equipment with actual or implied consent of the supervisor of the employee, but shall not include corruption or fraud." Okla. Stat. tit. 51 § 152(9).

Plaintiff's allegations are insufficient to state a claim for relief against Hennessey based on McKay's alleged conduct because Plaintiff does not allege that McKay acted in good faith.  In fact, his allegations are  to the contrary, as he expressly accuses McKay of "improper and illegal acts."  Petition, ¶ 5.  An allegation of illegal conduct by an officer necessarily requires a showing that he acted beyond the scope of authority, and thus could not be conduct within the scope of his employment; by definition, such conduct does not include conduct in bad faith.  Okla. Stat. tit. 51 § 152(9); *Pellegrino*, 63 P.2d at 540.  In his response to Hennessey's motion, Plaintiff asserts no argument or authority in objection to this contention regarding conduct within the scope of employment.

Hennessey also argues, in the alternative, that even if McKay were alleged to have been acting within the scope of his employment, it would nevertheless be exempt from liability based on three specific exemptions set forth in the GTCA.   In his response, the only exemption which Plaintiff addressed is  based on  Okla. Stat. tit 51 § 155(6), which exempts a political subdivision from liability for torts of its employee within the scope of his employment if the employee was engaged in, *inter alia*, providing protective services as a law enforcement officer at the time of the conduct.  The Court finds that the exemption argument based on § 155(6) need not be addressed in detail; although Plaintiff correctly cites authority showing that this exemption does not apply in all factual scenarios, he asserts no argument to show that it is inapplicable in the circumstances he

expressly alleges in the Petition.

The Court concludes that, to the extent Plaintiff seeks to hold Hennessey liable for the alleged conduct of McKay, the allegations in the Petition fail to state a claim for relief against Hennessey that is "plausible on its face." *Twombly*, 550 U.S. at 570. Because the allegations negate the existence of a claim against Hennessey based on McKay's conduct, Hennessey is entitled to dismissal of the state tort claims premised on McKay's conduct.

As Hennessey points out in the reply brief, Plaintiff did not respond to its motion seeking dismissal to the extent the Petition can be construed as seeking to hold Hennessey liable for its purported failure to train or supervise McKay. Inasmuch as Plaintiff did not respond to this argument, the Court concludes that Plaintiff does not challenge the merits of this contention. As Defendants also point out, Plaintiff did not address the argument that his false imprisonment claim must fail as a matter of law; the Court construes this failure as a concession that Defendants' argument is correct.

For the foregoing reasons, the Court finds that the joint motion to dismiss [Doc. No. 6] asserted by Hennessey and the Police Department should be, and is, GRANTED as to the state tort claims asserted in the Petition. Furthermore, the Court finds that McKay's motion to dismiss the official capacity clams against him [Doc. No. 7] should be, and is, GRANTED.

Having concluded that dismissal is required, the Court must consider whether Plaintiff should be granted leave to amend to cure the noted pleading deficiencies. In his response, Plaintiff asserts that he retains the right to amend to cure the pleading deficiencies. The Court will construe that as a request for leave to amend in the event of dismissal.

Where the court dismisses a cause of action for failure to state a claim, it may exercise its

8

discretion to allow an amended complaint to cure the deficiency in the original complaint; however, it is not required to do so if the circumstances and the governing law render an amendment futile. *Anderson v. Suiters*, 499 F. 3d 1228, 1238 (10th Cir. 2007). A proposed amendment is futile if "the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.* , 466 F. 3d 1195, 1199 (10th Cir. 2006). However, "'if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brever v. Rockwell International Corp.*, 40 F. 3d 1119, 1131 (10th Cir. 1994) (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1483, at 587 (2d ed. 1990) and *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)). Thus, under the procedure preferred by the Tenth Circuit, leave to amend should normally be authorized. However, leave to amend is not automatic and may be denied on various grounds, including futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bauchman ex rel. Bauchman v. West High School*, 132 F. 3d 542, 559 (10th Cir. 1997).

As explained herein, the Court concludes that it would be futile to permit Plaintiff to amend his allegations to attempt to state a claim for relief against the Police Department, as it is not an entity amenable to suit. Furthermore, to the extent Plaintiff seeks to assert a claim against McKay in his official capacity, an amendment would be futile pursuant to the GTCA. For the reasons set forth herein, it would also be futile to attempt to hold Hennessey liable for state tort claims allegedly committed by McKay when he acted outside the scope of his employment.

Futility does not, however, preclude leave to amend with respect to the Fourth Amendment claims which Plaintiff seeks to assert and which Defendants apparently concede may arguably be asserted on the basis of the facts alleged. The allegations in the Petition, as drafted, are clearly

insufficient to assert such a claim; the Petition does not mention the Fourth Amendment or any other federal law or constitutional provisions. Nonetheless, the Court agrees that the allegations regarding Plaintiff's detention and the purported search may form a basis for a Fourth Amendment claim, if properly pled.

Accordingly, Plaintiff is granted leave to file an Amended Complaint to properly plead that claim for relief. Plaintiff is cautioned that his allegations must be confined to those which he can assert in good faith on the basis of the underlying facts and must include the essential factual allegations necessary to state a 42 U. S. C. § 1983 claim for relief.

Conclusion:

For the foregoing reasons, the Motion to Dismiss [Doc. No. 6] of Hennessey and the Police Department is GRANTED; the Motion to Dismiss of McKay [Doc. No. 7] is also GRANTED. Plaintiff is granted leave to file an Amended Complaint to assert a 42 U. S. C. § 1983 claim, subject to the limitations herein. The Amended Complaint shall be filed no later than 20 days from the date of this Order, and Defendants shall respond according to the deadlines set forth in the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

IT IS SO ORDERED this   9th   day of November, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE